*183 OPINION OF THE COURT
Dennis K. McDermott, S.
The issue presented is whether this court ought to impose sanctions against an attorney who prepared a will based on his failure to extend a customary professional courtesy to the attorney retained by the nominated executor to offer the will for probate.
The petitioner is the son of the decedent. He has asked the court to admit to probate a seven-page document which purports to be his mother’s last will and testament allegedly made on September 20, 2000. The filed document was accompanied by the original of an affidavit of the two attesting witnesses.
Upon examining the filed papers, the court found that the seven pages of the purported will were not enclosed within a backer, stapled or otherwise attached to each other. They were simply seven loose pages, sequentially numbered (i.e., “Page 1 of 7,” “Page 2 of 7,” et seq.). None of the pages showed any evidence of having been previously stapled or otherwise attached. Apart from the seventh page which contained the signatures of the testatrix and the attesting witnesses, none of the first six pages contained any signatures or initials. Nothing contained within the seven pages identified any attorney or law firm which prepared the document apart from the accompanying “Affidavit of Attesting Witnesses” in which one of the witnesses identified himself as an attorney. His name being unfamiliar to the court, a record check was made on the Unified Court System Web site for registered attorneys, and the search revealed no attorney admitted to practice in New York by that name.
Surrogate’s Court Procedure Act § 1408 (1) provides,
“Before admitting a will to probate the court must inquire particularly into all the facts and must be satisfied with the genuineness of the will and the validity of its execution. The court may, however, accept an affidavit of an attesting witness in the manner and under the circumstances prescribed in this article.”
The court asked petitioner’s counsel to provide some proof to satisfy the court that the seven pages submitted do, in fact, constitute the last will and testament as well as to address the issue of whether one of the attesting witnesses was, in fact, an attorney-at-law.
Petitioner’s attorney (attorney A) contacted the attorney who prepared the will (attorney B) in an effort to obtain information *184 relevant to the court’s inquiry. Under the circumstances, this would be a relatively routine exercise which could reasonably anticipate a customary extension of professional courtesy. Attorney B, however, declined to provide the information unless he was paid a fee. Attorney A, understandably offended, declined to pay a fee to attorney B and instead issued a subpoena to attorney B for his personal appearance before the court and a subpoena duces tecum for the production of his related file.
Attorney B appeared and gave testimony under oath. It appears from his testimony that, while he prepared the purported will for the testatrix, its execution was supervised by a law school graduate, not admitted to practice but employed by him at that time (hereafter the legal assistant), and that both the legal assistant and a secretary were the attesting witnesses. Attorney B testified that it is not his practice to staple or otherwise attach the pages of a will, so the fact that the filed document was in no way bound or stapled was consistent with his office’s practice. The legal assistant worked at attorney B’s office for some 2V2 to 3 years, but is no longer there and attorney B has no information as to his current whereabouts. Despite the fact that he was not admitted to practice law, he signed the attesting witness affidavit that described him as being an attorney. The secretary had worked for attorney B for approximately nine years but no longer does. He believes that she may now be employed by a large firm in Syracuse.
After reviewing the purported will and the affidavit of the attesting witnesses made contemporaneously with the execution of the will, supplemented by the testimony of attorney B, the court has satisfied itself as to the genuineness and the validity of the decedent’s will. It will be admitted to probate.
Attorney A has asked that sanctions be imposed on attorney B, arguing that attorney B’s refusal to extend a professional courtesy needlessly caused the court to have to waste its time and the decedent’s estate to have to unnecessarily incur expenses. When an attorney prepares a will, he or she does so with the understanding that if and when the will should be offered for probate, the selection of the attorney is made by the nominated executor. All things being equal, it is more likely than not that the nominated executor will engage the services of the attorney who prepared the will, but on occasion the nominated executor will seek other counsel. It is, of course, disappointing to the attorney who prepared the will not to be retained by the nominated executor, but in the long run that at *185 torney can expect that he or she will also be retained by a nominated executor with respect to some other will prepared by some other attorney, so overall this is a “win some, lose some” proposition.
There is a long-standing tradition among the members of the bar that the attorney who prepared the will will provide the original to the executor’s counsel, on request, along with the affidavit of the attesting witnesses, and otherwise be reasonably cooperative in providing other relevant information without charge. This practice is borne of a sense of collegiality and honor among practicing attorneys and it elevates the practice of law from what might otherwise be an atmosphere of moneygrubbing bitterness and greed to a true level of professionalism. Good and honorable practitioners will extend such a courtesy to a colleague without hesitation. Occasionally, regrettable exceptions such as this will arise.
Sanctions are authorized under 22 NYCRR 130-1.1 only where a party or an attorney engages in “frivolous conduct” in a civil action or proceeding. That term is defined in subdivision (c) of that section, and courts are authorized to impose sanctions only when the conduct in question meets the definition. Courts ought not to be creative in expanding that definition in order to find unprofessional conduct to be frivolous. (Matter of Premo v Breslin, 89 NY2d 995 [1997].) It has been held that where one attorney fails to extend some customary professional courtesy, that is not “frivolous conduct” that warrants the imposition of a sanction. (Matter of Frank M. v Siobahn N, 268 AD2d 808 [3d Dept 2000].)
Accordingly, the court is without authority to grant the relief requested by attorney A. However, he may take some solace that attorney B has been caused to take time from his lucrative estate planning practice, travel some 90 minutes round-trip for his court appearance, spend nearly another hour testifying in court and receive only the pittance of his witness fee and mileage as his sole recompense. For those members of the bar who choose to view professional courtesy as a foreign currency, that should be sanction enough.